NEUBAUER, C.J.[1]
¶1 Kevin Ian End appeals from a judgment convicting him of operating a motor vehicle while intoxicated (OWI) and with a prohibited alcohol concentration (PAC), both second offenses, and challenges the circuit court's denial of his motion to suppress evidence obtained through an unlawful stop. Because the information given by a motorist-caller combined with the observations of the arresting officer provided the requisite level of suspicion to conduct a stop, we affirm.
BACKGROUND
¶2 Except where noted, the facts are largely undisputed and were adduced at the motion hearing, primarily through the testimony of City of Hartford Police Officer Adam Albea. On February 27, 2017, at approximately 10:12 p.m., Albea received a dispatch regarding a complaint about a vehicle on westbound Highway 60 in the city. The complainant reported a vehicle swerving into her lane and having difficulty with speed control. The vehicle was a white Chevy Tahoe. Albea could not recall if a registration plate was provided. He was told that the caller was willing to give a statement.
¶3 Albea proceeded to the area, observed the suspect vehicle traveling westbound on Highway 60, and followed it for about three to five minutes. Albea saw the vehicle change lanes while going through an intersection without using a turn signal. He also noted the vehicle had no, or very limited, registration lamps.
¶4 Albea observed the vehicle cross the center line just before the intersection with Grand Avenue. However, he believed this deviation occurred only because of the manner in which cars were parked on the side of the road.
¶5 The vehicle stopped, signaled, and turned left at Grand Avenue. Albea then saw the vehicle strike and go over the curb. At this point, he activated his emergency lights and conducted a traffic stop.
¶6 End was charged with OWI and PAC, both second offenses. He moved to suppress the evidence, asserting that Albea did not have the necessary reasonable suspicion to initiate a stop. After a hearing, which included a viewing of the squad car video, the circuit court denied the motion. At trial, the jury found End guilty on both counts. End appeals.
DISCUSSION
¶7 When reviewing whether an investigatory stop was justified by reasonable suspicion, we will uphold the circuit court's findings of fact unless they are clearly erroneous. State v. Bridges , 2009 WI App 66, ¶9, 319 Wis. 2d 217, 767 N.W.2d 593. Whether the facts of the stop, however, satisfy constitutional principles is a question of law, which we review de novo. Id.
¶8 To comply with the protections against unreasonable searches and seizures of the Fourth Amendment of the United States Constitution and article I, section 11 of the Wisconsin Constitution, an officer must have reasonable suspicion that the driver or occupant has committed an offense before conducting a traffic stop. State v. Rutzinski , 2001 WI 22, ¶¶12-14, 241 Wis. 2d 729, 623 N.W.2d 516. The stop must be based on something more than an "inchoate and unparticularized suspicion or hunch." Terry v. Ohio , 392 U.S. 1, 27 (1968). The suspicion must be supported with "specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant the intrusion." Id. at 21. Whether the suspicion is reasonable is based on the totality of the facts and circumstances. State v. Post , 2007 WI 60, ¶13, 301 Wis. 2d 1, 733 N.W.2d 634.
¶9 In support of his argument that Albea could not have reasonably suspected that End had committed an offense, End notes the following: the caller provided no license plate number, was not following the suspect vehicle, and did not confirm that Albea had stopped the correct vehicle; the description of the vehicle was general and was inaccurate, in that End's car was actually silver, not white; signaling a lane change is only necessary when "other traffic may be affected by the movement," see WIS. STAT. § 346.34(1)(b), and the record does not show that End's lane change may have affected other traffic; when End crossed the center line, it was to steer clear of cars parked along the road, such that Albea himself discounted this factor; and End denies that he drove up on the curb, asserting that the video shows that it did not happen.[2]
¶10 Although End is correct that several of the circumstances noted above do not create reasonable suspicion, when the totality of the circumstances are considered, reasonable suspicion was plainly supported. The caller described erratic driving behavior of a white Chevy Tahoe on westbound Highway 60. Albea soon located a light-colored (albeit silver, rather than white as reported) Chevy Tahoe on Highway 60 traveling westbound.[3] Not only do the facts bear out what the caller reported as to the vehicle's type, location, and direction, the reliability of the caller was bolstered by her agreement to give a statement. See State v. Kolk , 2006 WI App 261, ¶¶12-13, 298 Wis. 2d 99, 726 N.W.2d 337 (discussing the increased reliability of a known citizen informant compared to an anonymous informer).
¶11 Whether or not the foregoing facts provided by the caller would be sufficient to justify a traffic stop, when they are added with Albea's observations, justification for the stop was established. We need not decide whether End's lane change and his crossing of the center line were necessary to establish reasonable suspicion. Albea had two other reasons that supported a stop. End's registration lights were either burnt out or very dim, warranting further inquiry. See WIS. STAT. § 347.13(3). More particular to his driving, End turned the corner at Grand Avenue too sharply, striking and going over the curb. When these circumstances are considered in conjunction with the caller's information, Albea had sufficient reasonable suspicion that End had committed a traffic violation.
¶12 End disputes that he struck and went over the curb, denying that the video shows it. When the record contains disputed testimony and a video recording, we use the clearly erroneous standard of review. State v. Walli , 2011 WI App 86, ¶17, 334 Wis. 2d 402, 799 N.W.2d 898. Albea testified that End struck and went over the curb, and the circuit court "certainly noticed [End] strike the curb by watching the video." We have reviewed the video. Although the moment goes by quickly, it does appear End's vehicle cuts the corner and goes over the curb. Nothing in the video suggests the court's finding was clearly erroneous.
By the Court. -Judgment affirmed.
This opinion will not be published. See WIS. STAT. RULE 809.23(1)(b)4.

This appeal is decided by one judge pursuant to Wis. Stat. § 752.31(2)(f) (2017-18). All references to the Wisconsin Statutes are to the 2017-18 version.

End presents his case in two arguments. The first is that the information provided by the caller was insufficient to identify End's vehicle as the suspect vehicle, such that the information did not support reasonable suspicion. The second argument is that Albea's observations were insufficient to establish reasonable suspicion. We do not break up the circumstances in this way and view them in isolation. Instead, we look at and consider all of the surrounding circumstances. See State v. Batt , 2010 WI App 155, ¶23, 330 Wis. 2d 159, 793 N.W.2d 104 ("[T]he test for reasonable suspicion-anonymous tipster or not-is based on the totality of the circumstances."). Particular facts, standing alone, may be insufficient, but, when viewed together, may reach the requisite level of reasonable suspicion. See State v. Waldner , 206 Wis. 2d 51, 58, 556 N.W.2d 681 (1996).
The totality-of-the-circumstances approach views the quantity and the quality of the information as inversely proportional to each other. "Thus, if a tip has a relatively low degree of reliability, more information will be required to establish the requisite quantum of suspicion than would be required if the tip were more reliable." Conversely, if the tip contains a number of components indicating its reliability, then the police need not have as much additional information to establish reasonable suspicion.
State v. Williams , 2001 WI 21, ¶22, 241 Wis. 2d 631, 623 N.W.2d 106 (citations omitted).

We do not attach much significance to the vehicle being silver rather than white as reported by the caller. Given that it was late in the evening, the appearance of silver and white would likely be similar.